UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MONTE JAMES NOTTINGHAM,<br><br>　　　　Defendant. | Case No. 14-cr-00553-SI-1<br><br>**ORDER DENYING REQUEST FOR MEDICAL TRANSFER**<br><br>Re: Dkt. No. 15 |

　　　Currently before the Court is defendant's motion for medical transfer. Dkt. 15. For the reasons set forth below, the Court hereby **DENIES** defendant's motion.

**BACKGROUND**

　　　Defendant Monte James Nottingham was released from the custody of the Bureau of Prisons ("BOP"), on September 1, 2014, after completing his term of imprisonment for bank robbery in case 09-CR-00218-SI-1. Dkt. 9 at 3. On September 2, 2014, Nottingham entered a Wells Fargo Bank on Montgomery Street in San Francisco and took $850 from a bank teller. *Id*. On September 4, 2014, he failed to report to U.S. Probation within 72 hours of his release. *Id*. at 4. A warrant was issued for his arrest. *Id*. On September 7, 2014, Nottingham was arrested in Wisconsin by the Green Bay Police Department pursuant to this warrant. *Id*.

　　　Nottingham pled guilty to one count of bank robbery, 18 U.S.C. § 2113(a). Dkt. 13 at 1. On February 6, 2015, Nottingham was sentenced to 96 months' imprisonment, to run concurrent with his supervised release violation in case 09-CR-00218-SI-1, with a supervised release term of 3 years. *Id*. at 2-3. In its sentencing remarks the Court recommended that Nottingham participate in the Residential Drug Abuse Treatment Program ("RDAP"), and be designated as soon as

possible to a medical facility to address his medical needs. *Id*. On April 30, 2015, Nottingham was committed to the custody of the BOP. Dkt. 17-1 at 2. He is currently a federal inmate at the Federal Correctional Institution ("FCI") in Victorville, California. *Id*.

On September 10, 2015, Nottingham filed a motion for medical transfer in his underlying criminal case. Dkt. 15. He requests "[t]ransfer . . . to a medical facility for surgery required." *Id*. at 3. He states that his health has deteriorated "due to lack of medical treatment, or medication." *Id*. at 2. He contends that his condition is "a violation of institutional rules and regulations," as well as "cruel and unusual punishment," "deliberate indifference," and "premeditated delay in . . . [providing for his] medical needs." *Id*. at 3. On October 1, 2015, the government filed a response to defendant's motion for medical transfer, asking this Court to deny the motion based on lack of subject matter jurisdiction, improper venue, and non-exhaustion of administrative remedies. Dkt. 17 at 1. On November 10, 2015, Nottingham filed notice with this Court that the government had violated his due process rights by not responding to his motion.[1] Dkt. 19.

## DISCUSSION

Nottingham's motion appears to challenge the conditions of his confinement. However, Nottingham has provided no jurisdictional basis upon which this Court can decide his motion. In order to have a Court decide the merits of his case, he must first exhaust his administrative remedies, then, if that fails, initiate an independent civil action either by petition for writ of habeas corpus or pursuant to 42 U.S.C. § 1983. He cannot file such motions in his underlying criminal case.

### I.   Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

---

[1] The Government promptly filed a proof of service demonstrating that Nottingham received actual or constructive notice of its response to his initial motion. *See* Dkt. 20.

such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by 42 U.S.C. § 1997e(a) is now mandatory. *Porter v. Nussle*, 534 U.S. 516, 523 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.* (citation omitted). Simply put — exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 534 U.S. at 532.

Here, the record fails to demonstrate that Nottingham has attempted to access, much less exhausted, his administrative remedies regarding his claims. Dkt. 17-1 at 2. He has not filed any requests for administrative remedy since his April 2015 arrival at FCI in Victorville. *Id.* He states he "[has] requested to know [his] medical status" and was told he was "scheduled to see a . . . orthopedic surgeon." Dkt. 15 at 2. Further, on September 15, 2015, he requested his medical records, which he received that same day. Dkt. 17-1 at 2.

Nottingham may not pursue either a petition for habeas corpus or a separate civil rights action under 42 U.S.C. § 1983 unless and until he exhausts his administrative remedies.

## II.     Filing a New Civil Case

A federal inmate may move the court to review the manner, location, or execution of a sentence by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984); *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Habeas corpus proceedings are characterized as civil in nature. *Mayle v. Felix*, 545 U.S. 644 (2005). A court may entertain such petition on behalf of a federal inmate in United States custody if the inmate is "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), but the inmate must lodge his 28 U.S.C. § 2241 petition in the district court of the district in which the inmate is incarcerated. *Giddings*, 740 F.2d at 772; *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980).

If Nottingham chooses to file for habeas corpus relief while he is confined in the FCI in Victorville, California, he cannot file his habeas petition in this Court. Rather, venue appears to

3

be proper in the Central District of California, since the FCI in Victorville is located in the Central District.  Dkt. 17-1 at 2.

Additionally, where a federal inmate challenges the conditions of his confinement on constitutional grounds, his claims may be cognizable in a civil-rights action under 42 U.S.C. § 1983.  *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991).  Should Nottingham pursue this method of relief, he may not file a 42 U.S.C. 1983 claim in his underlying criminal action.  He must file a new civil action alleging the grounds upon which he seeks relief.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** defendant's motion for medical transfer, Dkt. 15, and insofar as it can be construed as a motion, his subsequent notice to this Court that the government refuses to respond to him, Dkt. 19.

**IT IS SO ORDERED**.

Dated: November 30, 2015

_____
SUSAN ILLSTON
United States District Judge