1

2

3

4                        UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7   USA,                                    Case Nos.  09-cr-00218-SI-1
                 Plaintiff,
8                                           14-cr-00553-SI-1

9        v.                                 **ORDER GRANTING STAY**

10  NOTTINGHAM,                             Re: Dkt. No. 42 in 09-cr-00218-SI-1
                 Defendant.
11                                          Dkt. No. 30 in 14-cr-00553-SI-1

12

13         Before the Court is the government's motion to stay this 28 U.S.C. § 2255 proceeding

pending the United States Supreme Court's resolution of *Beckles v. United States*, No. 15-8544

14

15  (cert. granted June 27, 2016), which considers: (1) whether the holding of *Johnson v. United*

*States*, 135 S. Ct. 2551 (2015), applies retroactively to collateral cases challenging federal

16

17  sentences enhanced under the residual clause in United States Sentencing Guidelines (U.S.S.G.)

§ 4B1.2(a)(2) (defining "crime of violence"); (2) whether *Johnson*'s constitutional holding applies

18

19  to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences

enhanced under it cognizable on collateral review; and (3) whether possession of a sawed-off

20

21  shotgun, an offense listed as a "crime of violence" only in commentary to U.S.S.G. § 4B1.2,

remains a "crime of violence" after *Johnson*.  *See* Gov't Mot. to Stay at 1; Brief of Petitioner at 2,

22

23  *Beckles v. United States*, No. 15-8544.

24         The Ninth Circuit recently began inviting district courts to stay § 2255 proceedings

pending that court's decisions in 15-72559, *Gardner v. United States*, and 15-73302, *Jacob v.*

25

26  *United States*.  *See* 09-cr-00624-SI at Dkt. No. 67, Order Staying Case; *see also United States v.*

*Bacon*, 2016 WL 4071975, at \*2 (E.D. Wash. July 28, 2016).  The Ninth Circuit's *Gardner* and

27

28  *Jacob* cases are both cases which present the issue of whether *Johnson* applies to the Guidelines.

United States District Court
Northern District of California

United States District Court
Northern District of California

1

*Bacon*, 2016 WL 4071975, at *2.  On June 27, 2016, an Order was issued in both *Gardner* and

2

*Jacob* which stated: "Submission of these cases is deferred pending decision of the Supreme Court

3

in *Beckles v. United States*, No. 15-8544 (cert. granted June 27, 2016).  *Id.*  It appears the Ninth

4

Circuit will not rule on the issue of whether the *Johnson* analysis applies to the Guidelines, but

5

rather will await the Supreme Court's determination in *Beckles*.  *Id.*

6

        This Court will follow suit.  Nottingham's § 2255 challenge squarely falls within what

7

*Beckles* will ultimately decide; the basis for relief asserted is that Nottingham's multiple

8

convictions for unarmed bank robbery do not qualify as crimes of violence following *Johnson*.

9

Def. 2255 Mot. at 3.  Briefing in *Beckles* is complete and the Supreme Court will likely decide the

10

case by the June 2017 term.  Nottingham's release date without relief is August 26, 2021.  Oppo.

11

to Mot. to Stay at 6.  While the Court understands the serious liberty interests at stake, staying the

12

present proceedings pending the resolution of *Beckles* with ensure the durability of any decision

13

by this Court in Nottingham's case.  Any decision by this Court, if appealed, would likely result in

14

a stay at the appellate level as discussed above.  If the Supreme Court decides that *Johnson* is

15

retroactive to the Guidelines, then this Court may decide the issues raised by the motion without

16

the delay caused by a remand from the court of appeals.

17

18

        **IT IS SO ORDERED**.

19

Dated:  August 5, 2016

20

_____

21

SUSAN ILLSTON
United States District Judge

22

23

24

25

26

27

28