UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 14-cr-00553-SI-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO MODIFY SENTENCE** |
| MONTE JAMES NOTTINGHAM, | Re: Dkt. Nos. 38, 44 |
| Defendant. | |

On November 19, 2018, defendant filed a *pro se* motion requesting that the Court modify his sentence or amend the judgment in this case. On February 9, 2015, the Court sentenced defendant to 96 months imprisonment to be followed by three years of supervised release based on his conviction for violating 18 U.S.C. § 2113(a), bank robbery. Dkt. No. 13. Defendant requests that the Court eliminate the supervised release portion of his sentence. Defendant's letter describes various programs he has completed while in prison, discusses medical hardships he has experienced, and asserts that he "cannot do probation." Dkt. No. 38 at 1.

On November 27, 2018, the Court set a briefing schedule on defendant's motion. Pursuant to that order, the government filed its opposition on November 28, and the Federal Public Defender filed a response on December 14, 2018. Defendant's reply was due by January 8, 2019; however, defendant did not file a reply.

The Court finds that it is without the authority to amend defendant's sentence. *See United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997) ("[A] district court does not have inherent power to resentence defendants at any time. Its authority to do so must flow either from the court of appeals mandate . . . or from Federal Rule of Criminal Procedure 35."); *see also United States v. Ceballos*, 671 F.3d 852, 854 (9th Cir. 2011). Here, there is no basis under Rule 35 to amend defendant's

1    sentence, nor is there any other statutory authority supporting defendant's request. Although the
2    Federal Public Defender suggests that the Court could modify defendant's sentence pursuant to 18
3    U.S.C. § 3583(e)(1), the Public Defender also recognizes that on its face, § 3583(e)(1) only permits
4    a court to terminate a defendant's term of supervised release after one year of supervision. Here,
5    defendant is still serving his prison sentence, and he is not scheduled to begin supervised release
6    until August 2021.

The Court also finds that there was no clerical error with regard to defendant's judgment, and thus that the judgment may not be amended pursuant to Federal Rule of Criminal Procedure 36.

Accordingly, the Court DENIES defendant's motion, without prejudice to renewal after defendant has served one year of supervised release.

**IT IS SO ORDERED**.

Dated: January 14, 2019

_____
SUSAN ILLSTON
United States District Judge